**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| OLLIE HOLLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1114 CAS |
| ) | |
| TEAMSTER LOCAL 682, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court are plaintiff's motion and amended motion to reconsider this Court's May 15, 2009 Memorandum and Order granting defendant's motion for summary judgment and the corresponding Judgment. Also pending before the Court is defendant's motion for leave to file a bill of costs out of time. For the following reasons all three motions will be denied.

**Plaintiff's Motions to Reconsider**

Where a motion to reconsider is made in response to a final order, the Eighth Circuit has instructed district courts to construe it as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Rule 59(e) motions serve a "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted); see also Fed.R.Civ.P. 59(e) advisory committee's note (stating purpose of the rule). Rule 59(e) does not afford an opportunity to present evidence or legal argument that could have been offered prior to entry of judgment. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003). The Court has "broad discretion in determining whether to open a judgment pursuant to a Rule 59(e) motion." Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir. 1987).

In her motion and amended motion, plaintiff states that the Court should reconsider its ruling because she had inadequate representation and that her counsel did not inform her of the judgment until sometime after June 1, 2009. Plaintiff does not offer newly discovered evidence or propose that the Court correct manifest errors of law or fact. For these reasons, plaintiffs' motion to reconsider will be denied. <u>Innovative Home Health Care</u>, 141 F.3d at 1286.

### B. Defendant's Motion for Leave to File a Bill of Costs Out of Time

Defendant requests leave to file a bill of costs out of time. Defendant, however, offers no justification for failing to file on or before the bill of costs deadline other than to say that it requests leave to file a bill of costs "while the Court considers Plaintiff's Motion to Reconsider and the Defendant's Response to that Motion." Doc. 67 at 2. From the timing of the motion and the lack of any explanation, it would seem defendant may intend that its bill of costs be a punitive measure taken against plaintiff for filing a motion to reconsider and a Notice of Appeal. But whatever its motive, defendant has provided no good cause as to why it missed the original deadline. Therefore, the Court in its discretion will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion and amended motion for reconsideration are **DENIED.** [Docs. 65 & 68]

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a bill of costs out of time is **DENIED.** [Doc. 67]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __7th__ day of July, 2009.